**BAYNE *vs.* FOX.**

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Clerks of courts are bound to make complete and regular records and append thereto the *proper and true* certificates ; and their neglect and disregard of these duties will not be tolerated by this court.

Where the reconventional demand set up grows out of the same transactions with the principal one sued on, even if it be not liquidated, it should be sustained and the two demands tried together.

It matters not whether the demand against which the reconvention is opposed be liquidated or not, provided the reconventional one is connected with the original demand.

This is an action for work done and services rendered ; money lent and advanced, to and for account of the defendant during part of the year 1837 and the year 1838 ; amounting to $1157 25, for which the plaintiff claims judgment.

The defendant pleaded a general denial and required strict proof of each and every charge against him. He further avers that the plaintiff is indebted to him for money lent and advanced to pay his board and for clothing furnished ; all in the year 1838, according to a detailed account which he annexes, amounting to $1880 50, and prays judgment therefor in compensation and reconvention.

The plaintiff filed a peremptory exception, that the defendant's plea is informal and illegal; that the demand in reconvention is not necessarily connected with and incidental to the original and principal demand; this exception was sustained by the court, and the defendant's evidence rejected ; to all of which he took his bill of exceptions.

There was a verdict and judgment for the plaintiff for $800 ; and after an unsuccessful attempt to obtain a new trial, from judgment confirming the verdict, the defendant appealed.

*Elmore & King*, for the plaintiff, urged the affirmance of the judgment, as the questions settled by the verdict were those of fact, and the finding of the jury should not be disturbed.

*Mitchell*, for the defendant, insisted that the plea in com-

pensation and reconvention was improperly rejected, with the evidence offered in support of it. The defendant's claim was connected with and grew out of the same transactions with the demand sued on, and should have been supported.

2. The claim offered in reconvention was as much liquidated as that of the plaintiff's demand, and both should have been tried together. The law abhors a multiplicity of actions; see 7 Toullier, Nos. 346-7-8-9; 6 Martin, N. S., 609; 13 La. Rep. 256; C. Pr., 374-5-6-7.

*Preston & Larue*, on same side.

*Simon, J.* delivered the opinion of the court.

Plaintiff seeks to recover the amount of an unliquidated account annexed to the petition; the items of which are composed of days' work, money lent to and cash advanced for the defendant at different times during the year 1838. Defendant pleads the general issue, and further avers that plaintiff owes him for cash lent at different times during the same year, 1838, for boarding paid on his account; for clothing to him furnished; for timber belonging to respondent and sold by plaintiff; for money handed him to pay hands employed by defendant and not accounted for, and for other accounts; a sum much larger than the one claimed in the petition; and which, as he alleges, growing out of the same transactions which gave rise to the plaintiff's claim, he pleads in reconvention and compensation of said plaintiff's demand, and prays judgment against him for the balance that may be found in his, defendants, favor.

During the trial before the jury, plaintiff filed his peremptory exception to the defendants reconventional demand, on the ground that it was not necessarily connected with or incidental to his original demand, and moved the court for a dismissal of the reconvention; this was ordered by the inferior tribunal, and the defendant having then offered testimony in support of his reconventional plea, the same was rejected by the

judge *a quo;* to whose opinion defendant took a bill of exceptions.

The jury returned a verdict in favor of the plaintiff for the sum of $800, and after having vainly applied for a new trial, the defendant appealed.

The record comes up in a very imperfect state. The clerk and judge both certify that it contains *all the evidence adduced* by the parties on the trial of the cause, and yet it appears that three witnesses were examined in open court, whose evidence was not taken down or has not been copied in the record. The only testimony which the record contains, is the deposition of one John Slater, which was taken by virtue of a commission, and whose evidence, if it stood alone, would clearly have been insufficient to sustain the plaintiff's action. Under such circumstances, we should not, perhaps, hesitate to remand the case for a new trial, as from the certificates of the clerk and of the judge, apparently incorrect, we are not enabled to ascertain for what reasons and through whose fault, the record comes up incomplete.

Clerks of courts are bound to make complete and regular records and append thereto the *proper and true* certificates; and their neglect and disregard of these duties will not be tolerated by this court.

It is not the first time that this court has had occasion to notice the gross negligence and manifest inattention with which certain clerks prepare the records which are to be brought before us, and the inaccurate statements contained in their certificates; but in this case they are so flagrant that we cannot forbear expressing our dissatisfaction, and informing them of our determination not to tolerate any longer such a culpable disregard of the important duties devolved upon them.

Our present inquiry will, however, be limited to the question arising out of the bill of exceptions taken to the dismissal of the defendant's reconventional demand. We think the lower court erred. The demands set up by the parties respectively, are both *unliquidated,* but from the dates of their accounts, the nature of the items therein contained, and the explanations given by the only witness whose evidence is found in the record, with regard to the capacity in which they stood towards each other, it appears to us clear that their said demands must

have originated from one and the same transaction, to wit: the

employment of the plaintiff by the defendant. On the one hand, it has been shown that in 1838, plaintiff was employed by the defendant to superintend certain works undertaken by the said defendant; that in his said capacity, he was charged to hire the necessary hands, to discharge them and settle with them. On the other hand, the defendant alleges in his answer, that, at the same time, he paid for boarding and for clothing on plaintiff's account, that said plaintiff sold timber belonging to defendant and retained the proceeds, and that certain sums of money which were handed to him to pay hands employed by defendant, were not accounted for, &c. From these facts and pleadings, we are constrained to come to the conclusion that the two demands are closely connected with each other, that they ought to be tried together; and that the evidence offered by the defendant to substantiate his reconventional plea, ought not to have been rejected.

*Where the reconventional demand set up grows out of the same transactions with the principal one sued on, even if it be not liquidated, it should be sustained and the two demands tried together.*

According to the jurisprudence of this court, it is not necessary that a demand set up by way of reconvention, should always be liquidated; in the case of *Agraisse vs. Guedron*, 2 *Martin*, *N. S.*, 73, founded upon the doctrine recognized in that of *Evans vs. Gray*, 12 *Martin*, 475, this court said: " if the plaintiff sues for a sum of money when, at the same time, he is indebted to the defendant in an amount, which though not liquidated, is yet as large as that demanded; in equity and in justice he ought not to recover." The object of the rule is to diminish litigation, and to bring the contest between the parties to a speedy termination; and it matters not whether the demand against which the reconvention is opposed, be liquidated or not, provided the reconventional one is connected with the original demand. The same doctrine was again sanctioned by this court in the case of *Montgomery vs. Russell*, 7 *Martin*, *N. S.*, 288, in which it was held that although an unliquidated demand cannot be pleaded in compensation, yet it may be so in reconvention. In this case, however, the two demands are

*It matters not whether the demand against which the reconvention is opposed be liquidated or not, provided the reconventional one is connected with the original demand.*

EASTERN DIS. of equal dignity, and *a fortiori* should they be tried in the
April, 1841. same suit.

COGSWELL & CO.          It is therefore ordered, adjudged and decreed that the judg-
vs.
OCEAN INS. CO. ment of the District Court be annulled, avoided and reversed;
that the reconventional demand set up by the defendant, be re-
instated, and that this case be remanded for a new trial; the
plaintiff and appellee paying costs in this court.