WILLIAM BAYNE *v.* BERNARD FOX.

BERNARD FOX *v.* WILLIAM BAYNE.

As a general rule, Courts of Probate have exclusive jurisdiction of all claims for money against successions, administered by executors, curators, &c. (C. P. art. 924, § 13) ; and when a defendant dies during the pendency of a suit against him for a sum of money, the jurisdiction of the ordinary tribunals ceases, and the case must be transferred to the Probate Court of the parish where the succession is opened, to be there proceeded in. The object of the law is to bring before the Probate Court all the claims which, being subject to classification, are to be paid by the administrators under the control and supervision of that court. But the law does not extend to cases where the claim against the succession is set up by reconvention or compensation, or in which the parties have instituted separate actions against each other, which have been subsequently.consolidated. In such cases, the jurisdiction of the ordinary tribunals will be maintained, where the original action was within their jurisdiction. The actions are indivisible, and must be tried together in the same court.

APPEAL from the District Court of the First District, *Buchanan*, J.

*J. Mitchell*, for the appellant.

*Elmore* and *W. W. King*, contra.

---

* The judgment was for $600, the amount claimed, with interest, from judicial demand.

Bayne v. Fox.—Fox v. Bayne.

Simon, J. The first of these cases was heretofore before this court, and was remanded for a new trial, for the purpose of reinstating the reconventional demand set up by the defendant, with instructions to the lower court, not to reject the evidence of the defendant, offered to support his said reconventional plea. 18 La. 80. It was tried, *de novo*, before a jury, who returned a verdict in favor of the plaintiff, for the sum of $707, and the defendant, after an unsuccessful attempt to obtain a new trial, took this appeal.

Our attention has been called to a question of jurisdiction, raised by the defendant's counsel, on the suggestion, that this suit having been instituted on an open account in the District Court, and the defendant having died during its pendency before this court on a former appeal, his executrix was made a party; and that at the time when the case was remanded for a new trial to the District Court, said court had lost its jurisdiction of the matter in dispute, which properly and exclusively belonged to the Court of Probates. He contends that the judgment appealed from is a mere nullity, as it was rendered by an incompetent tribunal.

This objection was not raised in the court below, nor was this suggestion made to us at the time of our first judgment. On the contrary, the question then before us was, whether the defendant's reconventional plea, which had been rejected by the inferior tribunal, should be reinstated; and, in that matter, the defendant had assumed the character of plaintiff. His reconventional demand amounted to $1880 50, whilst that of the plaintiff was only $1157 25. Thus, in this state of the pleadings, the plaintiff, Bayne, became really the defendant in the action, and the more particularly so, as the reconventional demand set up originally by Fox, who had died during the pendency of the appeal, had been made the subject of a separate action, which, on the second trial below, was consolidated with the first suit; and both having been tried together, the verdict of the jury and the judgment of the court were rendered on the two demands.

It is true, as a general rule, that Courts of Probate have exclusive jurisdiction of all claims for money against successions administered by an executor. Code of Practice, art. 924, No. 13. 2 Mart. N. S. 238. 10 La. 219. And that under the jurispru-

dence of this court, when the defendant dies during the pendency of a suit against him for a sum of money, in certain cases the general jurisdiction of the ordinary tribunal ceases, and the case is to be transferred to the Probate Court of the parish where the succession was opened, in order to be there proceeded in according to law.    11 La. 360.    13 La. 377,    But in this case, how can it be said that the District Court was without jurisdiction? The separate action of the defendant, Fox, which was consolidated with the suit of Bayne against him, and which, being for the sum of $1880 50, was made the basis of his reconventional demand, sustained by us in our last judgment, was properly prosecuted by his executrix in the District Court, against Bayne, in opposition to the claim by him set up against the deceased, for the sum of $1157 25.    With regard to this cross action, the District Court had clearly jurisdiction; and yet, the two claims were to be tried together, not only because the defendant's reconventional plea was opposed as an exception, but also because, being the subject of a distinct and separate suit, it was consolidated with that of the plaintiff.    So the two parties were respectively plaintiffs against each other, and their respective claims could not any longer be tried separately.    Code of Practice, art. 377.    But one of the parties died during the pendency of the suits, and we are called again to divide the controversy, to dismiss one of the actions, and, we suppose, to maintain the other.    Can this be done?    The defendant in one of the suits, is plaintiff in the other, and his demand is for a greater amount than that of the other party.    It is obvious that if this suit stood alone, as originally brought by Fox, and revived after his death in the name of his executrix, no question could arise as to the jurisdiction of the District Court, and the two claims would be. properly inquired into, before the ordinary tribunals, and prosecuted to final judgment in favor of either of the parties.    Does the circumstance of the two suits having been consolidated, make any difference as to the question of jurisdiction, after the death of one of the plaintiffs?    We think not.    The law that gives exclusive jurisdiction to Courts of Probate to take cognizance of all claims for money against successions administered by curators, executors, &c., was intended to bring before the said courts all the naked claims, which, being

subject to classification, are to be paid by the administrators under the control and supervision of said courts ; but we cannot understand it to extend to cases, in which the claim against a succession is set up by reconvention or compensation, or in which the parties have instituted against each other separate actions, which are subsequently consolidated. In such cases, we think the best rule to adopt is, to maintain the jurisdiction of the ordinary tribunals, when the original action is within the limits of their jurisdiction. It is clear, that the actions cannot be divided; that they must be tried together in the same court ; and that a contrary rule would not only have the effect of subjecting the parties to two jurisdictions, to two litigations, but would also be followed by the greatest inconveniences, amounting in some cases to a denial of justice.

On the merits, we have attentively examined the evidence adduced by the parties, in support of their respective claims, and it has not appeared to us that any error has been committed. The first verdict was for $800, in favor of Bayne, and the second, which is now under our consideration, is for $707. The latter verdict is sufficiently supported by the evidence ; and at any rate, we have not been able to discover any reason why it should require our interference.

*Judgment affirmed.*